**BARBER v CLEVELAND RAILWAY CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11559. Decided June 1, 1931

H. F. Payer, Cleveland, for Barber.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

HORNBECK, PJ, KUNKLE, J, (2nd Dist), and SHERICK, J (5th Dist), sitting.

SHERICK, J.

The question, therefore, presents itself, considering the testimony offered on behalf of the plaintiff in its most favorable light, whether or not from these facts it may be said as a matter of law, that the plaintiff's own negligence proximately contributed to the injuries which she seems to have sustained.

Considering further the plaintiff's testimony, she says that she watched the change of the light from red to green; that she then looked to her right and proceeded into and attempted to cross the intersection.

It is now claimed from the testimony by the company that inasmuch as she did look she should have seen the street car entering the intersection and by reason of the fact that she did look she is guilty of contributory negligence.

We cannot agree with this assumption of the defendant in error, and we note from the authorities relied upon by it, that the company would engraft the rule applying to one entering upon a railroad crossing to that of a street intersection which is controlled by a flasher signalling device.

The authorities upon which defendant in error mainly relies, are:

D. T. & I. Ry. Co. v Rohrs, 114 Oh St 493.

Toledo Terminal R. R. Co. v Hughes, 115 Oh St 562.

Penna. R. R. Co. v Rusynik, 117 Oh St 530.

An examination of these authorities plainly indicate that the law applied in those cases pertained to one attempting to cross a railroad crossing. We think the Supreme Court of this state has distinguished between a railroad crossing and a street in-

tersection as in this case. An examination of two recent cases convinces us of the truth of this assumption. We refer to the case of **Cleveland Railway Co. v Goldman, 122 Oh St 73.** In this case the court, in the syllabus announces this as the law:

"It is not negligence for a person entering a street intersection with the 'go' traffic signal, to rely upon all persons from a cross street, who are not at the time in the intersection observing the 'stop' signal, so long as it is against them."

This case has been recently again considered and approved by the Supreme Court in the case of **Henderson v Cleveland Railway Co. 123 Oh St —.** In that case on the last page of the opinion the court makes this remark:

"It was not negligence as a matter of law for her to say to her husband, 'the light is green, go ahead' without looking to see whether any traffic was proceeding against the light."

This last case to which attention is directed is very similar to the case at bar, and in fact the accident in that case and in the instant case occurred at the same intersection.

From these authorities it therefore seems to be the settled law of this state that on approaching a street intersection, the traffic thereat being governed by a signalling device as in this case, that one is not negligent as a matter of law who proceeds to enter upon the intersection when the 'go' sign is in his favor and that it is not imperative that he look to the right or left but he has a right to assume that those travelling the intersecting street will obey the 'stop' signal against them. Of course we appreciate the fact that had one entered the intersection while the light was green, and it then changed, that one so doing from an intersecting street would have a right to complete the crossing but this last suggestion is not present in this case for the testimony is positive that the street car crashed the red light.

The defendant company makes much of the fact that some of the plaintiff's witnesses testified that they could and did see the street car approaching and entering the intersection but this fact cannot prejudice the plaintiff due to the fact that her view to the right was partially obstructed by the automobile upon her right and slightly ahead of her and by the structure upon the northeast corner of the intersection. These witnesses were in different positions and they might have seen, but the fact that they might or did see cannot be binding upon the plaintiff, in view of the fact that her vision to the right was partially impaired.

The plaintiff having seen that the light was green and having looked and not having seen the street car within the intersection or within that portion thereof which was within her restricted vision was not bound, as a matter of law to continue looking throughout her journey across the intersection. See **Community Traction Co. v Reno, 30 Oh Ap 143.**

It is therefore the judgment of this court that the trial court, from the facts proven, had no right to say as a matter of law that the testimony of the plaintiff raised an inference of negligence upon her part which was not dispelled and by so doing he invaded the province of the jury and it was for the jury to determine whether the plaintiff was negligent and that such proximately contributed to the injury sustained by reason of the collision.

The judgment of the trial court is therefore reversed and the cause is remanded for further proceedings.

HORNBECK, PJ, and KUNKLE, J, concur.